Neville P. MATTHEWS, Petitioner-Appellant,

v.

John J. WINGO, Warden, Kentucky State Penitentiary, Respondent-Appellee.

No. 72–1515.

United States Court of Appeals, Sixth Circuit.

Decided March 1, 1973.

Certiorari Denied May 14, 1973. See 93 S.Ct. 2283.

Neville Parker Matthews, pro se.

Ed W. Hancock, Atty. Gen., Richard E. Fitzpatrick, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., on brief for respondent-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and GUBOW, District Judge.*

PHILLIPS, Chief Judge.

Neville Matthews was adjudicated of unsound mind in 1951 and was committed to a State hospital until 1954. He has never been judicially declared to have been restored to a sound mind. In 1966 he was charged with two counts of armed robbery. While represented by privately retained counsel he entered a plea of guilty to both counts and was sentenced to life imprisonment on each indictment.

No issue was raised at trial as to the competency of Matthews to stand trial. After sentencing, he filed a motion to vacate judgment under RCr 11.42 in Kentucky State court. He alleged that he had insufficient mental capacity to stand trial and therefore asked that his plea be set aside. Judge Hayes of the Jefferson Circuit Court conducted a full evidentiary hearing and denied the motion. This decision was affirmed by the Kentucky Court of Appeals, Matthews v. Commonwealth, 468 S.W.2d 313, cert. denied, 404 U.S. 966, 92 S.Ct. 341, 30 L. Ed.2d 285 (1971).

* Honorable Lawrence Gubow, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

In December 1971, Matthews filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Kentucky, alleging a violation of due process of law in that he was convicted at a time when he was not competent to enter a plea. His sole contention was that since he was never judicially declared to be restored to sound mind, he was incompetent. This petition was denied. No evidentiary hearing was held, the District Court relying upon the evidence presented at the State hearing. This decision was not appealed. Matthews filed a second petition for a writ of habeas corpus in which he alleged again that he was incompetent to enter a plea for the same reasons as averred before, and further that he was denied the effective assistance of counsel. This petition also was denied. The issue of the competence of Matthews was rejected on the basis of the prior adjudication, and the assistance of counsel issue was denied for failure to exhaust State court remedies.

We affirm.

■ The District Court had the right to reject the second petition to the extent it raised the same issues as had been resolved at the first proceeding. Under 28 U.S.C. § 2244(b) and the doctrine of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), a federal district court may deny a petition for a writ of habeas corpus where the ground presented in the second petition has been determined, on the merits, adversely to the petitioner at a prior habeas corpus proceeding, and the ends of justice would not be served by reaching the merits again, 373 U.S. at 15, 83 S.Ct. 1068. Here the issue of the competency of Matthews had been previously determined and rejected in the first petition.

■ The first dismissal was a proper adjudication on the merits even though no evidentiary hearing was held. 28 U.S.C. § 2254(d); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■■ Since Matthews did not raise the assistance of counsel contention before the Kentucky courts, the District Court dismissed the claim for failure to exhaust State court remedies. However, this court consistently has held that where resort to a State court would be a mere exercise in futility, the exhaustion requirement will not be applied. Allen v. Perini, 424 F.2d 134 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L. Ed.2d 143 (1970); Lucas v. Michigan, 420 F.2d 259 (6th Cir. 1970); Coley v. Alvis, 381 F.2d 870 (6th Cir. 1967). We believe that since Matthews previously has petitioned the Kentucky courts to vacate his sentence under the Kentucky post conviction relief provision, a subsequent motion would be denied without a hearing. RCr 11.42(3); See Walker v. Wingo, 398 S.W.2d 885 (Ky.1966). RCr 11.42(3) provides:

"The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."

In view of this requirement, we believe that any effort by Matthews to return this issue to the Kentucky courts would be futile.

■■ It does not necessarily follow that a remand for an evidentiary hearing is required. If a criminal defendant is to prevail on an allegation of ineffective assistance of counsel he must demonstrate that what was done or not done by his attorney made his defense a farce and mockery of justice that would be shocking to the conscience of the court. Hayes v. Russell, 405 F.2d 859 (6th Cir. 1969); Schaber v. Maxwell, 348 F.2d 664 (6th Cir. 1965). In the instant case, we hold that even when the contentions and averments of Matthews are taken in the light most favorable to him, they still are insufficient to require an evidentiary hearing. The contentions are highly conclusory in nature. The only specific assertion is the allegation

that since his counsel did not raise the issue of the competency of Matthews to enter a plea, he obviously was ineffective. The idea that Matthews was incompetent to enter a plea simply because of his adjudication of insanity fifteen years earlier has been previously rejected. Matthews has alleged nothing else to indicate that his attorney should have interposed the defense of insanity. Only the bald assertion of ineffective assistance of counsel remains. This assertion is not, by itself, sufficient to require an evidentiary hearing. Therefore we affirm the result reached by the District Court.