UNITED STATES of America ex rel.
Dana RAINWATER et al.,
Petitioners,

v.

J. D. Ernest MORRIS, Warden, Stateville
Correctional Center, et al., Respondents.

No. 75 C 1646.

United States District Court,
N. D. Illinois, E. D.

March 4, 1976.

Joseph N. Lascaro, Wood Dale, Ill., for petitioners.

William J. Scott, Atty. Gen., Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

*Petition For A Writ Of Habeas Corpus*

### I.

On November 13, 1974, petitioners Dana Rainwater, Martin Trejo, Lawrence Tully and Enrique Flores were found guilty of the crime of rape by a jury in the Circuit Court of the Eighteenth Judicial Circuit, Du Page County, Illinois. Rainwater is presently incarcerated at the Stateville Correctional Center in Joliet, Illinois pursuant to a four to six year sentence imposed by the trial court on January 13, 1975. Trejo, Tully and Flores were sentenced on December 30, 1974 to terms of four to five years, four to eight years and four to six years, respectively, and are incarcerated respectively at the Vandalia Correctional Center in Vandalia, Illinois, the Joliet Correction Center in Joliet, Illinois and the Stateville Correctional Center in Joliet, Illinois.

Following their convictions, petitioners made appropriate and timely post trial motions in the trial court which were denied by the trial judge. Subsequent to the imposition of their sentences, petitioners requested the trial court to set an appeal bond and requested that execution of their sentences be stayed pending their appeal. These motions were also denied by the trial judge, and petitioners were remanded to the custody of the Du Page County Sheriff and thereafter transferred to the custody of the Illinois Department of Corrections.

Petitioners filed a timely notice of appeal in the Illinois Appellate Court, Second Appellate District, and as of the date of this writing the briefing schedule has been completed though a date for oral argument has not yet been set.

On January 23, 1975, subsequent to the filing of notice of appeal, petitioner Rainwater moved in the Appellate Court to stay judgment and execution of his sentence, and requested that he be admitted to bail pending appeal. Rainwater's motion was contested by the State, and on March 6, 1975, the Appellate Court denied his request without indicating any reasons for its action. Petitioners Trejo, Tully and Flores filed no such motions before the Appellate Court.

On March 21, 1975, all four petitioners filed a lengthy document in the Supreme Court of Illinois wherein they made an emergency motion for a stay, appealed from the Appellate Court's denial of Rainwater's request for bail pending appeal, requested the court to set bail pending appeal for all four of them, sought leave to file an original petition for a writ of habeas corpus and filed a brief in support thereof. On April 8, 1975, the State filed its objections to petitioners' motions and requested relief, and on April 9, 1975, Justice Ryan of the Supreme Court of Illinois denied petitioners' requested relief. Once again, no reasons were articulated by the court for its refusal to grant bail pending appeal. In pertinent part the Supreme Court order stated:

> The court having considered the motion and the objections finds that the motion seeks to have this court fix bail pending a determination of an appeal by the Appellate Court for the Second District. The court further finds that the Appellate Court for the Second District has heretofore denied the defendant, Dana Rainwater, bail pending appeal and that Martin Trejo, Enrique Flores and Lawrence Tully have not requested the Appellate Court for the Second District to fix bail pending appeal.

\*　\*　\*　\*　\*　\*

IT IS THEREFORE ORDERED that the motion for an emergency stay order and for the setting of reasonable bail pending appeal for Dana Rainwater, Martin Trejo, Enrique Flores and Lawrence Tully is denied.

On May 22, 1975, petitioners filed this action seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that no rational basis exists for denying them bond pending appeal and that the failure of the trial court, Appellate Court and the Supreme Court of Illinois to articulate reasons for denying them bond pending appeal constituted an arbitrary denial of their statutory right to bail pending appeal and a violation of their constitutional rights.

Respondents have moved to dismiss on the grounds that (1) petitioners Trejo, Tully and Flores have failed to exhaust state remedies; (2) there is no constitutional right to bail pending appeal; (3) since a presumption of regularity attaches to all state court proceedings, the state courts need not state any reasons for the denial of bail; and (4) since the record in the state courts reflected some justification for the courts' actions, the denial of bail was not arbitrary.

## II.

28 U.S.C. § 2254(b) provides:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

█ Respondents contend that since petitioners Trejo, Tully and Flores restricted their state court applications to the Illinois Supreme Court and failed to file motions or seek bond pending appeal in the Appellate Court, their present application should be dismissed for failure to exhaust state remedies. We disagree.

Respondents do not deny that petitioner Rainwater has properly and fully exhausted the available state remedies, nor do they contest petitioners' assertions that following the Appellate Court's denial of Rainwater's application, repeated applications by Trejo, Tully and Flores would have been futile. Thus, even absent the joining of Trejo, Tully and Flores in the Illinois Supreme Court application for bond pending appeal, the obvious futility of their efforts would act as a bar to the dismissal of their action under the exhaustion requirement. *Layton v. Carson*, 479 F.2d 1275, 1276 (5th Cir. 1973); *Matthews v. Wingo*, 474 F.2d 1266, 1268 (6th Cir.), *cert. denied*, 411 U.S. 985, 93 S.Ct. 2283, 36 L.Ed.2d 963 (1973); *United States ex rel. Condon v. Erickson*, 459 F.2d 663, 667 (8th Cir. 1972); *Woodall v. Pettibone*, 465 F.2d 49, 51 (4th Cir. 1972); *Perry v. Blackledge*, 453 F.2d 856, 857 (4th Cir. 1971).

Further, it appears that the Illinois Supreme Court's denial of petitioners' collective application for bond pending appeal was not based on the failure of three of them to exhaust remedies within the state court process below, but was rather somehow based upon the merits of their application. Thus, petitioners' claims have been fully presented to the state's highest court where they have been considered and rejected. Under such circumstances, further proceedings within the state court process would not be required under 28 U.S.C. § 2254(b), for "once the federal claim has been fairly presented to the [local] courts, the exhaustion requirement is satisfied," *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, 443 (1971), and "[p]etitioners are not required to file 'repetitious applications' in the state courts." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418, 421 (1971). See also, *Francisco v. Gathright*, 419 U.S. 59, 63, 95 S.Ct. 257, 259, 42 L.Ed.2d 226, 229 (1974); *Roberts v. LaVallee*, 389 U.S. 40,

42–43, 88 S.Ct. 194, 196, 19 L.Ed.2d 41, 43–44 (1967); *Brown v. Allen*, 344 U.S. 443, 447–450, 73 S.Ct. 397, 402–03, 97 L.Ed. 469, 483–85 (1963).

We therefore hold that petitioners' application for a writ of habeas corpus is timely and is entitled to our consideration on the merits.

### III.

■ The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." While courts have held that the "excessive bail" prohibition of the Eighth Amendment applies to the states through the Fourteenth Amendment, *Pilkinton v. Circuit Court of Howell County, Missouri*, 324 F.2d 45, 46 (8th Cir. 1963); *Mastrian v. Hedman*, 326 F.2d 708, 710–711 (8th Cir.); *cert. denied*, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); *United States ex rel. Hyde v. McMann*, 263 F.2d 940, 943 (2nd Cir.), *cert. denied*, 360 U.S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549 (1959); *Grady v. Iowa State Penitentiary*, 346 F.Supp. 681, 682 (N.D.Iowa 1972); *United States ex rel. Keating v. Bensinger*, 322 F.Supp. 784, 786 (N.D.Ill.1971); *United States ex rel. Walker v. Twomey*, 484 F.2d 874 (7th Cir. 1973); see also, *Schilb v. Kuebel*, 404 U.S. 357, 365, 92 S.Ct. 479, 484, 30 L.Ed.2d 502, 511 (1972), no court has held that there is an unqualified constitutional right to bail. Rather, both prior to conviction as well as after conviction no defendant is automatically guaranteed bail by the federal Constitution. *Mastrian v. Hedman, supra*; *Dameron v. Harson*, 255 F.Supp. 533, 536–537 (W.D.La. 1966), *aff'd*, 364 F.2d 991 (5th Cir. 1966); *Bloss v. Michigan*, 421 F.2d 903, 905 (6th Cir. 1970); *Sellers v. Georgia*, 374 F.2d 84 (5th Cir. 1967); *United States ex rel. Keating v. Bensinger, supra*.

■ Where, however, bail is authorized by the state statute, even though it is not a right guaranteed by the federal Constitution, the arbitrary denial of bail violates due process under the Fourteenth Amendment, and allegations of such arbitrary denial are grounds for review by federal courts. *United States ex rel. Keating v. Bensinger, supra*, 322 F.Supp. at 786 n.7.

> Ill.Rev.Stats. ch. 38, § 110–7(d) provides:
> After conviction the court may order that the original bail stand as bail pending appeal or deny, increase or reduce bail.

Thus, though respondents are correct in their assertion that there is no constitutional right to bail pending appeal, since the Illinois statute does authorize such bail, it may not be denied arbitrarily. *United States ex rel. Walker v. Twomey, supra*.

■ The grant or denial of bail pending appeal is a matter of judicial discretion to be determined after consideration of all of the pertinent circumstances, and accordingly, we are prohibited from substituting our judgment for that of the state court, unless it clearly appears that the state court's action was wholly beyond the range within which judgment could rationally differ regarding the particular facts in the given situation. See, *Mastrian v. Hedman, supra*, 326 F.2d at 710–711; *Pilkinton v. Circuit Court of Howell County, supra*. For as stated by the Fifth Circuit in *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972):

> Any other rule would not only commit the federal courts to the burdensome task of hearing evidence upon and setting bail *de novo* in a host of criminal cases, but also and much more intolerable, such a rule would authorize an unwarranted and unconstitutional encroachment upon the prerogatives of the states in the due administration of their process of criminal justice.

■ While petitioners herein urge us to adopt a standard which would declare the failure of a state court to articulate any reasons for its denial of bail to be *per se* arbitrary and unreasonable, and respondents urge us to defer to the "presumption of regularity" which attaches to state court proceedings so as not to require any statement of reasons for the denial of bail, we feel that the middle road, and the course

outlined by the Seventh Circuit in *United States ex rel. Walker v. Twomey, supra,* 484 F.2d at 875, is the more reasonable alternative. Under *Walker,* though we do recognize the presumption of regularity in state court proceedings, a petitioner may overcome that presumption by showing that the record provides no rational basis for the state court's decision.

■ As stated by the Seventh Circuit in *Walker, supra,* 484 F.2d at 876:

It is fair to say that there is strong federal judicial policy in favor of release on bail pending appeal unless the appeal appears to be frivolous or dilatory.

\* \* \* \* \* \*

The fact that articulation by a state court of its reasons for denial of release on bail would usually make it easier for a federal court, considering a petition for habeas corpus, to decide whether the denial could be said to have a rational basis, does not authorize federal courts to impose that procedural requirement on state courts. We agree with Judge Decker that reliance on a presumption of regularity is appropriate at this point, *Johnson v. Zerbst,* 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and in the conclusion stated in his decision in [*U. S. ex rel.*] *Kane* [*v. Bensinger,* D.C., 359 F.Supp. 181]:

"In sum, this court believes that the burden in these cases should rest on the convicted defendant to show that the state court has acted in an arbitrary fashion and that a 'presumption of regularity' should attend *all* decisions of the state courts and not only those accompanied by oral or written explanations. . . . "

Thus, if upon review the record discloses factors which may arguably justify the denial of bail pending appeal—i. e., the petitioner's prior criminal record, the risk of flight, probability that the petitioner will pose a danger to another or to the community or lack of merit in the appeal itself—we are compelled to deny the petition for the writ. Where, however, the record is void of any such material, and the state court has failed to articulate its reasons for denial, the issuance of a writ conditioned upon an expeditious hearing by the state court with an opportunity for the state court to provide reasons for its actions—at which time the writ could be quashed—would be appropriate.

### IV.

■ As to the four petitioners herein, in that the record is silent regarding the reasons for the denial of bail pending appeal, we must examine the record below to determine whether some rational basis exists for the state court determinations. We note at the outset, however, that though the Seventh Circuit has cautioned that federal courts are without power to require state courts to articulate reasons for the denial of bail pending appeal, *Walker, supra,* we do respectfully recommend that such practice be undertaken by the state courts in the interest of judicial economy. We base this recommendation on the fact that courts which deal directly with defendants, particularly trial courts, are better suited to evaluate the character of the defendants, and coupled with the availability of presentence reports and the opportunity to interview the defendant himself as well as court personnel assigned to defendant's case, those courts are better equipped to make a more informed decision on the issue of bail pending appeal than are federal courts which are confined to a review of the cold record.

■ As to petitioner Tully, we agree with respondents that Tully's prior convictions for murder, burglary and larceny constitute adequate grounds for the denial of bail pending appeal, and accordingly deny his request for a writ of habeas corpus.

■ Regarding petitioners Trejo and Flores, our decision is somewhat more difficult. We note that the presentence reports on Trejo and Flores indicate that they both have prior convictions for battery on August 14, 1974, for which each received a $50 fine, and that Flores has an additional con-

viction for disorderly conduct on May 25, 1974, for which he was fined $25. While we have some reservations whether these convictions, standing alone, are onerous enough to constitute grounds for the denial of bail pending appeal—particularly since we are unaware of the circumstances surrounding these incidents—we must defer to the determination of the state court, in that those convictions could, in light of the grievous nature of the crime for which petitioners presently stand convicted and sentenced, constitute grounds for the denial of bail pending appeal. Accordingly, the petition for a writ of habeas corpus as to Trejo and Flores is also denied.

■ As to petitioner Rainwater, however, we are hard pressed to find any justification in the record for the denial of his application for bail. Rainwater has no prior criminal record, there is no indication that he will pose a threat to the community should he be released on bail, his behavior while on bond for approximately two weeks prior to sentencing and his appearance in court every time it was required gives no indication that he will attempt to flee the court's jurisdiction. And finally, after a careful reading by this Court of the summary transcripts of the trial evidence and the initial brief on appeal filed by petitioners, we find that contrary to respondent's assertions there appears to be at least some arguable merit to the appeal. In reaching this final determination regarding the appeal, this Court is not attempting to substitute its judgment for that of the trial judge or jury, nor are we attempting to second guess the ultimate determination of the appeal by the Appellate Court; rather, we simply note that the appeal on the merits cannot, in our judgment, be characterized as frivolous.

As to petitioner Rainwater, therefore, in that the record provides no rational basis for the denial of bail pending appeal, we hold that he has met his burden and overcome the presumption of regularity which attaches to state court proceedings and has raised proper claims regarding the possible arbitrary and unreasonable denial of bond pending appeal violative of the Eighth and Fourteenth Amendments.

Accordingly, we will grant a writ of habeas corpus as to petitioner Rainwater, but will stay its enforcement for twenty days and authorize its dissolution, if the state court within that period and upon the motion of petitioner, provides a hearing upon the bail issue, and either grants reasonable bail or supports its denial with some reason or reasons which would enable a reviewing court to determine whether or not such denial was arbitrary.

This matter is set for a status report on March 25, 1976 at 10:00 A. M.