**UNITED STATES of America ex rel. Willie SAMPSON, Jr., Petitioner-Appellant,**

v.

**Lue BREWER, Warden, Stateville Prison and William Scott, Attorney General, State of Illinois, Respondents-Appellees.**

No. 79–1124.

United States Court of Appeals, Seventh Circuit.

Argued March 1, 1979.

Decided March 12, 1979.

Rehearing and Rehearing En Banc Denied May 2, 1979.

John G. Jacobs, Chicago, Ill., for petitioner-appellant.

David Cassorla, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before PELL, SPRECHER and WOOD, Circuit Judges.

PER CURIAM.

Petitioner appeals from the district court's order granting respondent's motion to dismiss the petition for a writ of habeas corpus. Petitioner was convicted of rape, deviate sexual assault, and aggravated kidnapping in the Circuit Court of Cook County on October 11, 1978. The trial judge then revoked his bond stating that he was no longer presumed to be innocent and had now been convicted of three Class X felonies "of the most serious nature in this community." Petitioner's subsequent efforts to obtain bond pending appeal were denied by the Illinois Appellate and Supreme Courts without specifying reasons for the denial. The district court dismissed his habeas petition on the ground that there was a rational basis for the state court's denial of bail pending appeal. Specifically, the district court stated that the seriousness of the petitioner's crimes and the lengthy sentences imposed therefor provided the rational basis for the denial of bail. We agree.

In cases in which the state court has not thoroughly or even summarily articulated its reasons for denying bail pending appeal, federal courts in a habeas proceeding must afford the state court a presumption of regularity. *U. S. ex rel. Walker v. Twomey*, 484 F.2d 874, 876 (7th Cir. 1973). The burden is on the petitioner to show that the record is devoid of a rational basis for the denial. *Id.* In the present case, the district court found a rational basis for the denial in that the petitioner was convicted of serious and heinous crimes and was sentenced to a lengthy imprisonment. These same factors were held to constitute a ra-

tional basis for denial in *United States ex rel. Smith v. Twomey*, 486 F.2d 736 (7th Cir. 1973), *cert. denied*, 416 U.S. 994, 94 S.Ct. 2408, 40 L.Ed.2d 773 (1974).

Petitioner argues that the seriousness of the crime and the length of the sentence are not alone sufficient to constitute a rational basis for denial and that the background and circumstances of the petitioner must be considered in the "rational basis" analysis. We disagree. *Smith* and *Walker* clearly do not preclude finding a rational basis for denial on grounds of the seriousness of the crime and severity of the sentence. Although *Smith* turned on exactly these factors, petitioner argues that the court in *Smith* limited its rational basis analysis to those factors only because the petitioner made no attempt to introduce other factors to carry his burden of overcoming the presumption of regularity. Nothing in *Smith*, however, suggests that the court could not have found a rational basis for the reasons it did even if the petitioner had introduced other factors. The seriousness of the crime and the lengthy sentence alone are sufficient to provide a rational basis for denial.[1]

We do not suggest that a federal court is limited to the two factors considered by the court in the present case. It may consider other factors to determine whether the bail denial was arbitrary. Consideration of factors in addition to those that establish a rational basis for bail denial is not mandatory because the underlying rationale of the teachings of *Walker, Smith*, and numerous other habeas cases is that it is not the province of the federal courts to provide *de novo review* of state court proceedings in the guise of a habeas corpus case.

We are not unmindful of the strong federal judicial policy in favor of release on bail pending appeal unless the appeal appears to be frivolous or dilatory. We are

---

1. Petitioner cites *United States ex rel. Rainwater v. Morris*, 411 F.Supp. 1252 (N.D.Ill.1976), for the proposition that a federal court must consider various factors in addition to those considered by the district court in the present case. To the extent that *Rainwater* can be read

to preclude the finding of a rational basis for bail denial on the grounds of the seriousness of the crime and the severity of the sentence, it misstates the law in this circuit and should not be followed.

here concerned, however, not with federal criminal proceedings but with ongoing state court criminal proceedings in which we, not being persuaded that the state court acted arbitrarily, decline to intervene.

For the reasons stated herein, we affirm the judgment of the district court.