Jerry Lynn YOUNG,
Petitioner-Appellant,

v.

Jim HUBBARD, Sheriff of Pontotoc County, Respondent-Appellee.

No. 81–4246
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 16, 1982.

Jerry Lynn Young, pro se.

William S. Boyd, Sp. Asst. Atty. Gen., Larry Mitchell Wilson, Jackson, Miss., for respondent-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Jerry Lynn Young, thrice convicted of armed robbery in Mississippi state court, appeals the denial of his federal habeas corpus petition, contending that the denials of his applications for bail pending appeal are violative of the Constitution. Finding no merit in the appeal, we affirm.

Young was convicted of armed robbery on December 17, 1980, February 19, 1981, and March 13, 1981. He perfected appeals from each conviction to the Mississippi Supreme Court and unsuccessfully sought release on bail during the pendency of the appeals under section 99–35–115 of the Mississippi Code Annotated which provides:

> A person convicted of treason, murder, rape, arson, burglary or robbery shall not be entitled to be released from imprisonment pending an appeal to the supreme court, unless it be so ordered by the court in which conviction is had, or by supreme court, or by the judge who presided at the conviction, or the judge of the district in which conviction was had, or a judge of the supreme court in vacation of said court; and the making of such order shall be a matter of discretion with either the court or judge to be exercised with the greatest caution, and only when the peculiar circumstances of the case render it proper. A person convicted of any felony other than those enumerated in the foregoing paragraph shall be entitled to be released from imprisonment on bail pending an appeal to the supreme court.

After pursuing state collateral remedies, Young sought federal habeas relief, alleging that section 99–35–115 violates the equal protection and due process clauses of the fourteenth amendment. Relying on cases such as *United States v. Thompson*, 452 F.2d 1333 (D.C.Cir.1971), *cert. denied*, 405 U.S. 998, 92 S.Ct. 1251, 31 L.Ed.2d 467 (1972), Young argues that, although he does not have an absolute constitutional right to

bail pending appeal, arbitrary classification of offenses as subject or not to post-conviction bail is not permissible constitutionally. He contends logical support is wanting for a legislative determination that persons convicted of treason, murder, rape, arson, burglary, or robbery shall not be admitted to bail while persons convicted of other serious offenses are permitted to make bail pending appeal.

 Young is correct that "while there is no absolute federal constitutional right to bail pending appeal, once a state makes provisions for such bail,[1] the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably." *Finetti v. Harris,* 609 F.2d 594, 599 (2d Cir. 1979) (citation omitted). However, we are not convinced that the categorization of offenses in section 99–35–115, conviction of which usually does not admit of bail pending appeal, is unreasonable or arbitrary.

The offenses listed in section 99–35–115 are serious crimes. The decision by the Mississippi Legislature to deny bail after conviction in these instances is a rational legislative act. Additionally, the further requirement that this prohibition be lifted only upon specific order of the court—and then only sparingly, in the exceptional circumstance—is not arbitrary.

 In evaluating section 2254 petitions, a federal court does not sit in appellate review of a state court's exercise of judicial discretion in its grant or denial of bail. *See Hamilton v. New Mexico,* 479 F.2d 343 (10th Cir. 1973). The scope of our habeas corpus review is limited to a test of the constitutionality of the denial. *See Sellers v. Georgia,* 374 F.2d 84 (5th Cir. 1967). In light of the seriousness of Young's three offenses, and the lengthy sentences imposed (30, 20, and 50 years), the reasons for denying his application for bail are apparent. The denial was not constitutionally impermissible. *See United States*

ex rel. Sampson v. Brewer, 593 F.2d 798 (7th Cir.), cert. denied, 444 U.S. 877, 100 S.Ct. 162, 62 L.Ed.2d 106 (1979).

The judgment of the district court is AFFIRMED.

---

1. The proposition that a state prisoner is without an absolute federal constitutional right to bail pending appeal is settled. *See, e.g., Hamilton v. New Mexico,* 479 F.2d 343 (10th Cir. 1973); *Hooks v. 4th District Court of Appeals,* 442 F.2d 1042 (5th Cir. 1971); *Bloss v. Michigan,* 421 F.2d 903 (6th Cir. 1970); *United States ex rel. Fink v. Heyd,* 408 F.2d 7 (5th Cir.), cert. denied, 396 U.S. 895, 90 S.Ct. 192, 24 L.Ed.2d 172 (1969).