Richard A. GARTON, Petitioner,

v.

Paul MARSTELLER, Sheriff of Lane County, Kansas, Respondent.

No. 82–3089.

United States District Court,
D. Kansas.

Aug. 18, 1982.

notice of appeal and made a motion in the state trial court for bail pending appeal, which motion was denied. Petitioner then applied for bail to the United States Court of Appeals for the Tenth Circuit, which court denied the application without written opinion. Petitioner thereafter filed a petition for review in the Kansas Supreme Court, which petition was also summarily denied.

As a preliminary matter, the court finds that petitioner's motion to substitute Patrick McManus, Secretary of Corrections, as respondent in place of the Sheriff of Lane County, should be granted for the reason that petitioner is being transferred from the Lane County Jail to the custody of the Secretary of Corrections.

The court further finds that all available state judicial remedies have been exhausted on petitioner's claims as required by 28 U.S.C. § 2254(b), and, accordingly, we proceed to their determination.

The district judge of Lane County, Kansas, who originally denied petitioner's application for post-conviction release on bail, did not make a written finding or order. However, respondent and petitioner both aver that the judge expressly found from the evidence presented that petitioner was a danger to the community.

Petitioner's challenges to the denial of bail pending appeal may be summarized as follows: (1) that the trial judge denying post-conviction bail failed to consider the same factors as the magistrate judge who granted pretrial release on bail; (2) that petitioner has a federal constitutional right to not have bail completely denied under the Eighth Amendment to the Constitution of the United States; and (3) that the evidence was insufficient to support the trial judge's finding that petitioner is a danger to the community.

■ The first claim examined is that the trial judge did not consider the correct factors in denying bail. In support of this claim, petitioner alleges that the trial judge improperly failed to consider the same factors as were considered by the magistrate

Terry E. Beck, Tilton, Dillon, Beck & Crockett, Topeka, Kan., Lelyn J. Braun, Garden City, Kan., for petitioner.

Craig D. Kershner, Lane County Atty., Dighton, Kan., for respondent.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

Petitioner has filed with the clerk of the court this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking release on bail pending appeal to the Kansas Supreme Court of his state court conviction for unlawful possession of a firearm. After being sentenced to a three-to-ten-year term of imprisonment, petitioner filed a timely

in granting pretrial release. Petitioner asserts that consideration of the same factors is required by the provisions of K.S.A. 22–2802 and –2804. Those statutes provide in pertinent part:

"*22–2802. Release prior to trial.* (1) Any person charged with a crime, other than a crime punishable by death where the proof is evident or the presumption is great, shall, at his or her first appearance before a magistrate, be ordered released pending preliminary examination or trial upon the execution of an appearance bond in an amount specified by the magistrate conditioned upon the appearance of such person before the magistrate when ordered ... The magistrate may impose such of the following additional conditions of release as will reasonably assure the appearance of the person for preliminary examination or trial:

"(a) Place the person in the custody of a designated person or organization agreeing to supervise such person;

"(b) place restrictions on the travel, association, or place of abode of the person during the period of release;

"(c) impose any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody during specified hours.

\* \* \* \* \* \*

"(4) In determining which conditions of release will reasonably assure appearance, the magistrate shall, on the basis of available information, take into account the nature and circumstances of the crime charged, the weight of the evidence against the defendant, the defendant's family ties, employment, financial resources, character and mental condition, the length of said defendant's residence in the community, said defendant's record of convictions, and said defendant's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

"*22–2804. Release after conviction.* (1) A person who has been convicted of a crime and is either awaiting sentence or

has filed a notice of appeal may be released by the district court under the conditions provided in K.S.A. 22–2802 if the court or judge finds that the conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community."

Petitioner argues that "since release under K.S.A. 22–2804 is made under the same conditions as K.S.A. 22–2802, it is apparent that post-conviction release should be considered using the same standards as K.S.A. 22–2802."

Counsel for petitioner offers no legal authority for this argument, and this court has discovered none. Contrary to this argument, it is logical to assume that standards for judging post-conviction release are more onerous than those for pretrial release. *See* discussion in *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir. 1972). Even under the bail provisions for federal criminal defendants, which favor release pending appeal, the standards guiding a court's determination of bail after conviction and pending appeal are more stringent than the standards applicable to the determination of bail before the trial when the defendant is presumed innocent. *United States v. Miranda,* 442 F.Supp. 786 (S.D.Fla.1977). It is therefore not surprising that the Kansas bail provisions clearly contain different standards for pretrial as opposed to post-conviction bail applications. Petitioner confuses the conditions which may be imposed upon a criminal defendant after release on bail has been granted with the standards to be used in granting or denying bail. The same conditions of release, such as placing the person under supervision or restricting travel, may be imposed after as before conviction, and the same circumstances may be taken into account in deciding what conditions are necessary to insure the defendant's appearance. However, the standard to determine bail prior to trial is that release *shall* be ordered upon the execution of a bond of any person charged with a crime, other than a crime punishable by death where the proof is evident or the presumption great;

while the standard to be utilized after conviction is that the convicted prisoner *may* be released *if* the court or judge finds that conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. The state judge in this case applied the proper standard in making a finding that petitioner was a danger to the community.

In sum, the conditions for release are the same under both statutes, but the standards by which the judge is to determine whether or not to grant release are different. Consequently, petitioner's claim that the same standards should have been applied before as after conviction is without merit.

We next examine petitioner's interrelated claims that he has a right under the Eighth Amendment to not have bail completely denied and that there was insufficient basis in this case for denial of bail. In support of these claims, petitioner argues that bail may be completely denied "only under the most extreme circumstances and in cases where it appears from 'substantial evidence' that the right to bail may be abused or the community threatened by the applicant's release . . . ;" and that "the record before the trial judge at the time bail was denied does not show by substantial evidence that petitioner is a danger to the community."

█ The standards for reviewing a denial of bail suggested by petitioner's arguments are those that govern a federal appellate court's review of the denial of bail to a federal defendant. This court is not unmindful of the strong federal judicial policy in favor of release on bail pending appeal unless the appeal appears to be frivolous or dilatory. 18 U.S.C. §§ 3146, 3148. We are concerned here, however, not with federal criminal proceedings, but with on-going state court criminal proceedings. The states are not bound by the federal rules regarding bail. *See Sistrunk v. Lyons*, 646 F.2d 64 (3rd Cir. 1981).

█ A distinct set of standards governs a federal habeas court's review of a state's denial of bail pending direct appeal.

Federal intervention in such matters is very carefully circumscribed by principles of comity and federalism. *Brown v. Leeke*, 460 F.Supp. 947 (D.S.C.1978), *appeal dismissed* 601 F.2d 579 (4th Cir. 1979). It is well-settled that a state prisoner has no absolute federal constitutional right to bail pending appeal. *Hamilton v. State of New Mexico*, 479 F.2d 343 (10th Cir. 1973); *Young v. Hubbard*, 673 F.2d 132 (5th Cir. 1982); *Finetti v. Harris*, 609 F.2d 594 (2nd Cir. 1979); *In re Stoner*, 507 F.Supp. 490 (N.D.Ga.1981). Nevertheless, once a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily. *Young v. Hubbard, supra; Finetti v. Harris, supra; United States ex rel. Walker v. Twomey*, 484 F.2d 874, 875 (7th Cir. 1973). Applications for bail pending appeal usually are initially addressed to the sound discretion of the trial court. *Finetti v. Harris, supra*. A federal court may not substitute its judgment and discretion for that of the state court. *United States ex rel. Diller v. Greco*, 426 F.Supp. 375 (S.D.N.Y.1977); *United States ex rel. Rainwater v. Morris*, 411 F.Supp. 1252 (N.D.Ill.1976). Thus, even though federal habeas corpus is an appropriate procedure for seeking relief from arbitrary and unconstitutional denial of bail, it is clear that federal district courts do not sit as appellate courts to review the use or abuse of discretion of state courts in the granting or denying of bail pending appeal. *Hamilton v. State of New Mexico, supra*, at 344; *Finetti v. Harris, supra; Young v. Hubbard, supra*. Even in cases where the state court has not thoroughly or even summarily articulated its reasons for denying bail pending appeal, federal courts in a habeas proceeding must afford the state court a presumption of regularity. *United States ex rel. Sampson v. Brewer*, 593 F.2d 798 (7th Cir. 1979), *cert. denied* 444 U.S. 877, 100 S.Ct. 162, 62 L.Ed.2d 106 (1979); *Finetti v. Harris, supra; United States ex rel. Walker v. Twomey, supra*. Accordingly, it has been held that the burden is on petitioner to show that the record is devoid of a rational basis for the denial. *Sampson v. Brewer, supra; Finetti v. Harris, supra;*

*United States ex rel. Smith v. Twomey*, 486 F.2d 736 (7th Cir. 1973), *cert. denied* 416 U.S. 994, 94 S.Ct. 2408, 40 L.Ed.2d 773 (1974); *Brown v. Wilmot*, 443 F.Supp. 118 (S.D.N.Y.1977), *aff'd.* 572 F.2d 404 (2nd Cir. 1978); *Diller v. Greco, supra.*

■ On the record before us, we find an adequate basis for the state's denial of bail. The obvious alcoholism and repeated drunk driving of petitioner, established by a record of habitual violations beginning in 1953, presents a serious menace to the welfare of his community. Such uncontrolled drinking and driving while intoxicated as has been carried on by petitioner are conducive to criminal recidivism, as well as to death on the roadways. The Kansas Legislature has recently made its opinion clear on the seriousness of drunk driving by instituting severe penalties for that offense. That petitioner would imply that his repeated violations are not as serious as "violent crimes or crimes against persons" may be one reason he continues to show no respect for the law and was found by the trial judge to be a menace to the community. Certainly, more deaths and injuries result yearly from traffic accidents involving drunk drivers than from any particular type of violent crime. Thus, the seriousness of petitioner's record of habitual drunk driving cannot be doubted.

Respondent avers that the trial judge found petitioner to be a danger to the community "based upon defendant's response to the court's inquiries and the prior criminal record of the defendant, most particularly, involving the use of alcohol in the operation of a motor vehicle on public highways within the state of Kansas." This clearly constitutes a rational basis for the judge's finding. Consequently, petitioner would be unable to sustain his burden of showing no rational basis in the record.

For all the foregoing reasons, the court concludes that petitioner is not entitled to federal habeas corpus relief.

IT IS BY THE COURT THEREFORE ORDERED that Patrick D. McManus, Secretary of Corrections, be and hereby is hereinafter substituted as sole respondent in this action.

IT IS FURTHER ORDERED that this action is hereby dismissed and all relief denied, and that the clerk of this court transmit copies of this Memorandum and Order to petitioner, to counsel for petitioner, to counsel for respondent, and to the Attorney General for the State of Kansas.