849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny O. BALL, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Northpoint Training Center; and
Attorney General, Commonwealth of Kentucky,
Respondents-Appellees.
 No. 87-6250.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This Kentucky state prisoner, through counsel, appeals from the district court's judgment dismissing his 28 U.S.C. Sec. 2254 habeas corpus petition as a mixed petition pursuant to Rose v. Lundy, 455 U.S. 509 (1982). The district court concluded that one of the claims stated by the petitioner had not been raised before the state courts in a constitutional context and was therefore unexhausted.
 
 
 3
 Upon review, we conclude that the issue was fairly presented to the Kentucky courts and that the exhaustion requirement was satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971). Petitioner's briefs before the state courts set forth the substance of his claim, alleged violations of the sixth and fourteenth amendments, and cited Supreme Court precedent in support of his position. Furthermore, it would be futile to require additional exhaustion in this case. See Granberry v. Greer, 107 S.Ct. 1671 (1987). First of all, the respondent concedes that there has been exhaustion in this case. Second, because the petitioner has already filed one RCr 11.42 motion challenging his conviction, the Kentucky state courts will not review a second such motion challenging the same conviction. Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987); Matthews v. Wingo, 474 F.2d 1266 (6th Cir.), cert. denied, 411 U.S. 985 (1973).
 
 
 4
 Accordingly, the district court judgment is hereby vacated and this case is remanded to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.