849 F.2d 1473
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnell HOPEWELL, Petitioner-Appellant,
v.
Gene A. SCROGGY, Warden; Boone Circuit Court, Respondents-Appellees.
 88-5110.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1988.
 
 Before MILBURN, RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The respondents move to dismiss and remand this appeal from the district court's judgment denying the petitioner's petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the petitioner's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A Boone County, Kentucky jury convicted the petitioner of rape and kidnapping. He received a thirty-five year sentence. He engaged in many postconviction relief proceedings in the state courts. One of these proceedings was pending in the Kentucky Court of Appeals when the petitioner filed his petition.
 
 
 3
 The district court dismissed the petition for failure to exhaust state remedies. The court was correct that the petitioner had not finished obtaining complete review of his third RCr. 11.42 motion at the time he filed his petition. However, the court incorrectly dismissed the case on this ground.
 
 
 4
 In Kentucky, a petitioner must present all his claims in his first RCr. 11.42 motion or thereafter be barred from doing so. Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 108 S.Ct. 1279 (1988); Matthews v. Wingo, 474 F.2d 1266, 1268 (6th Cir.), cert. denied, 411 U.S. 985 (1973). Because the petitioner had already filed two RCr. 11.42 motions, this rule makes any further state court proceedings futile. Where such proceedings are futile, it is improper to dismiss a case for failure to exhaust state remedies. Therefore, we must vacate the judgment of the district court and remand the case for further proceedings.
 
 
 5
 On remand, the issues which Hopewell raised in his direct appeal and in his first RCr. 11.42 motion will be properly before the district court. The issues the petitioner raised in his second and third RCr. 11.42 motions will be barred unless Hopewell can satisfy the cause and prejudice test to excuse his failure to provide the state courts a fair opportunity to address the issues. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Leroy v. Marshall, 757 F.2d 94, 97-99 (6th Cir.), cert. denied, 474 U.S. 831 (1985). The district court should decide the cause and prejudice issue in the first instance.
 
 
 6
 Accordingly, the judgment of the district court is vacated and the case is remanded under Rule 9(b)(6), Rules of the Sixth Circuit, for further proceedings.