# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-60407
Summary Calendar

DEBORAH CHAMPLUVIER

Plaintiff-Appellant

v.

JAMES ALBERT RILEY, In His Individual Capacity

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:07-CV-105

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Deborah Champluvier moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's summary judgment in favor of Sheriff James Albert Riley dismissing Champluvier's claims that Sheriff Riley wrongfully arrested and incarcerated her in violation of her rights under the Fifth, Eighth, and Fourteenth Amendments. The district court denied Champluvier's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Champluvier's IFP motion is a challenge to the district court's certification that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1992).

Champluvier argues that the district court erred by granting summary judgment in favor of Sheriff Riley. She argues that Sheriff Riley had no authority to arrest and incarcerate her because there was no mandate from the Mississippi Supreme Court and there was no court order signed by a judge giving him this authority. Champluvier argues that the district court's opinion contained various factual errors which she argues are "disputed facts." She makes the following corrections: (1) the December 5, 2003, notice issued by the clerk of the appeals court did not state that her conviction had been affirmed; (2) her appearance bond was with the Mississippi Supreme Court, not the appeals court; and (3) Sheriff Riley did not have authority to arrest and incarcerate her because there was no mandate from the Mississippi Supreme Court, no court order signed by a judge, and the Mississippi Supreme Court did not revoke her appeal bond. Champluvier also argues that the district court failed to hold a hearing and rule on her summary judgment motion.

Champluvier has not shown that the district court erred in granting Sheriff Riley's summary judgment motion. Champluvier fails to set out any specific disputed fact concerning Sheriff Riley's liability. Such "conclusory allegations" are insufficient to defeat summary judgment. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In accordance with MISS. R. APP. PROC. 39(a), the clerk of the Mississippi appeals court, by authority of the appeals court, issued a notice setting a date for rendition of its judgment and notifying Sheriff Riley and Champluvier that she was required to surrender on that date to the sheriff of the county in which she was convicted. The notice provided that Champluvier's failure to appear would result in a judgment against her and the sureties on her bail bond. The notice further provided that Champluvier "shall not be released on bail after [her] conviction has been affirmed by this Court, except by further Order of this Court." Rule 39 expressly

2

provides that "[b]ail shall not be allowed after affirmance in the appellate court, except as provided in Rule 41." The exception in MISS. R. APP. PROC. 41, governing the stay of the mandate and release pending an application for writ of certiorari to the United States Supreme Court, was inapplicable to Champluvier's case. Thus, Champluvier was not entitled to obtain bail after her conviction was affirmed under either Rule 39(a) or Rule 41. Further, the appeals court denied her petition for release pending her petition for discretionary review to the Mississippi Supreme Court.

Champluvier has not shown that Sheriff Riley wrongfully arrested and incarcerated her in violation of her rights under Mississippi state law or the United States Constitution. See Young v. Hubbard, 673 F.2d 132, 134 (5th Cir. 1982) (holding that there is no "absolute federal constitutional right" to bail pending appeal; however, once a state makes provisions for such bail, it may not deny it arbitrarily or unreasonably). Contrary to Champluvier's argument, the district court ruled on her summary judgment motion in its final judgment when it dismissed any pending motions as moot. Further, Champluvier has not shown that a hearing was necessary for the resolution of the case.

Champluvier has not shown that she will raise a nonfrivolous issue on appeal. See Baugh, 117 F.3d at 202; Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Champluvier's IFP motion is denied, and the appeal is dismissed as frivolous. See Howard, 707 F.2d at 220; 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.