**Willis LEROY, Petitioner-Appellant,**

v.

**R.C. MARSHALL, Supt.,
Respondent-Appellee.**

No. 82–3534.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 14, 1983.
Decided March 21, 1985.

Willis Leroy, pro se.

Donald N. Krosin, Federal Public Defender, Cleveland, Ohio, for petitioner-appellant.

Christine Manuelian (argued), Karen Kolmacic (on the brief), Asst. Attys. Gen., Columbus, Ohio, for respondent-appellee.

Before ENGEL and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

ENGEL, Circuit Judge.

The issue in this habeas corpus appeal is whether the failure of a defendant's state trial counsel to include a given constitutional issue among those issues raised in his direct appeal to the state's appellate courts evokes the "deliberate by-pass" rule of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) or the "cause and prejudice" rule of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[1] We hold that the "cause and prejudice" rule applies to this procedural default, and affirm the judgment of the district court upon this alternative basis as urged by the state.

On September 26, 1975, Leroy was arrested in connection with the kidnapping and murder of Lester Emoff, a Dayton area businessman. Leroy was tried by jury in the Court of Common Pleas of Hamilton County, Ohio, and convicted of aggravated murder (with the specification of kidnapping), kidnapping, and extortion. On February 23, 1977, Leroy was sentenced to life imprisonment for aggravated murder, seven to twenty-five years for kidnapping, and three to ten years for extortion, all sentences to be served consecutively.

---

1. A majority of the circuits have applied the "cause and prejudice" standard enunciated in *Sykes* to habeas claims which were not raised on direct appeal to the state courts. *See Forman v. Smith,* 633 F.2d 634, 640 (2d Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981); *Hubbard v. Jeffes,* 653 F.2d 99, 101 n. 2 (3d Cir.1981); *Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980); *Huffman v. Wainwright,* 651 F.2d 347, 350 (5th Cir.1981); *United States Ex Rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir.1983); *Matias v. Oshiro,* 683 F.2d 318, 321 (9th Cir.1982); *Ford v. Strickland,* 696 F.2d 804 (11th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983). *Contra Rinehart v. Brewer,* 561 F.2d 126 (8th Cir.1977); *Holcomb v. Murphy,* 701 F.2d 1307 (10th Cir.), *cert. denied,* — U.S. —, 103 S.Ct. 3546, 77 L.Ed.2d 1394 (1983).

Leroy appealed his conviction to the Ohio Court of Appeals for Hamilton County, presenting four assignments of error. Three of his assignments of error, none of which is raised here, concerned the prosecution's alleged violation of Ohio's speedy trial statute, its alleged use of peremptory challenges to systematically exclude blacks from the jury, and its comment to the jury during closing argument regarding an exhibit that had been excluded from evidence. Leroy's remaining assignment of error challenged the trial court's instructions to the jury on the issue of aiding and abetting, and is raised in the habeas petition presently before us. On November 29, 1978, the Court of Appeals for Hamilton County affirmed the judgment of the common pleas court. On April 12, 1979, the Ohio Supreme Court denied Leroy's motion for leave to appeal, which had raised only the speedy trial issue.

On December 13, 1979, Leroy filed his first habeas petition in United States District Court for the Southern District of Ohio. In this petition, Leroy set forth the same four grounds he had presented to the Court of Appeals for Hamilton County. In denying the writ, United States District Judge Carl B. Rubin adopted the recommendation of the Magistrate. While noting that three of the grounds had not been raised in Leroy's direct appeal to the Ohio Supreme Court, the Magistrate's "Report and Recommendation" expressly declined to address the issue of whether Leroy waived his right to assert the claims in his habeas petition. Instead, the Magistrate rejected each of Leroy's claims on the merits. On October 10, 1980, the Sixth Circuit denied Leroy's motion for a certificate of probable cause.

On October 8, 1981, Leroy filed his second federal habeas petition, which is the subject of the present appeal. The petition raised four grounds for relief:

1. The conviction resulted in a violation of the Double Jeopardy Clause;
2. There was a denial of due process when the jury was coerced with an *Allen* charge;
3. The jury instructions regarding aiding and abetting erroneously shifted the burden of proof to the petitioner and allowed for impermissible presumptions to be made by the jury; and
4. The evidence was insufficient to support the conviction.

United States District Judge Arthur Spiegel concluded that the petition should not be dismissed as a delayed or successive petition pursuant to Rule 9 of the rules governing 28 U.S.C. § 2254 cases, and that Leroy had exhausted all of his available state remedies. The district judge then held that it did not follow from *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), that the double jeopardy claim had been waived, because Leroy's counsel "did raise a double jeopardy objection prior to the commencement of the trial, and, after jury instructions were given, did state that he wanted to preserve earlier objections to the charge made in the record." Reaching the merits of the claim, Judge Spiegel concluded that the Ohio legislature "clearly allowed" the imposition of consecutive sentences for aggravated murder and the underlying felony. His opinion then quickly disposed of the other three grounds without any discussion of whether they had been waived by reason of procedural default.

Leroy contends, in his appeal, that his grounds for habeas relief were with merit. The state argues that the grounds were without merit, as found by the trial court. In addition, the state strenuously asserts that review of those issues by the district court was foreclosed by the failure of Leroy to present the issues to the Ohio courts on the direct appeal of his conviction.

I.

██ The district judge held that Leroy's habeas petition should not be dismissed as a delayed or successive petition pursuant to Rule 9 of the rules governing 28 U.S.C. § 2254 cases, which provides:

(b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constitutes an abuse of the writ.

The state correctly asserts that the petition is a second and thus successive petition, and also that the claims asserted either were or could have been presented in Leroy's first petition. The state thus claims that "Rule 9 . . . bars consideration of the instant petition . . ." Dismissal pursuant to Rule 9 is not mandatory, but lies within the discretion of the trial judge. *McKeldin v. Rose,* 631 F.2d 458, 459 (6th Cir.1980), *cert. denied,* 450 U.S. 969, 101 S.Ct. 1488, 67 L.Ed.2d 619 (1981). Since the petitioner's incarceration is for life, we are unwilling to hold that the trial judge abused his discretion in entertaining Leroy's second petition.

■ The district judge held that Leroy had exhausted all of the available state remedies as required by 28 U.S.C. § 2254. We agree that Leroy has no further opportunity to seek redress in Ohio's courts. Since Leroy perfected a direct appeal to the Ohio Court of Appeals and sought but was denied leave to appeal to the Supreme Court of Ohio, he is foreclosed from availing himself of that state's collateral attack remedies as to both those issues which were in fact presented on direct appeal and as to those which could have been presented but were not. *See Keener v. Ridenour,* 594 F.2d 581 (6th Cir.1979); *Collins v. Perini,* 594 F.2d 592 (6th Cir.1979); and *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). Hence, although three of the issues presented in Leroy's petition were never raised before the Ohio appellate court, there is, nonetheless, no exhaustion problem.

**II.**

■ Leroy raised four grounds for relief in his second petition for habeas corpus relief. Leroy failed to raise three of his claims in his direct appeal to the Ohio Court of Appeals. The fourth claim, Leroy failed to include in his motion for leave to appeal to the Ohio Supreme Court. The state strenuously asserts that the failure to present these issues on direct appeal bars the district court from reaching the merits unless Leroy shows "cause and prejudice" which he has failed to do. We agree. Leroy must be held to have waived his right to challenge his convictions upon the four grounds asserted in the district court because he failed to present those issues to the Ohio appellate courts, and because he failed to show any "cause and prejudice" which would provide a legal justification for the federal court to look beyond the procedural bar imposed by Ohio law.

We are presented with the problem of determining whether *Wainwright v. Sykes* applies to the procedural default here involved. If *Wainwright* applies, the burden of showing adequate "cause and prejudice" is upon the habeas petitioner.[2] *Fornash v. Marshall,* 686 F.2d 1179, 1186–87 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983).

The Supreme Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forego the exercise of its habeas corpus power when there is a procedural default. *Francis v. Henderson,* 425 U.S. 536, 538–39, 96 S.Ct. 1708, 1709–10, 48 L.Ed.2d 149 (1976). In *Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963), the Court held that a "federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts." The Supreme Court later narrowed the "deliberate by-pass" holding of *Fay v. Noia* in *Wainwright v. Sykes,*

---

**2.** If *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), applies, as contended by petitioner, the state must establish that Leroy deliberately by-passed an applicable remedy.

433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). There the Court held that when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of "cause and prejudice." In *Wainwright*, a Florida state prisoner failed to make a timely objection under the Florida contemporaneous objection rule to the admission of inculpatory statements made by him to police officers (possibly in violation of his *Miranda* rights). The failure to object to the admission amounted to an independent and adequate state procedural ground which would have prevented direct review of the underlying issue by the state's appellate courts. Justice Rehnquist, speaking for the majority, held that federal habeas corpus review was also barred absent a showing of "cause and prejudice" attendant to a state procedural waiver. 433 U.S. at 87, 97 S.Ct. at 2506.

While not explicitly overruling *Fay v. Noia*, *Wainwright* apparently left open only the narrow question whether the "cause and prejudice" standard would apply to the *Fay* factual situation of a failure to make any direct appeal. *See* 433 U.S. at 88 n. 12, 97 S.Ct. at 2507 n. 12. In *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Court again applied the "cause and prejudice" standard to the failure to make a contemporaneous objection at trial. The Court, however, stated its holding broadly: "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Id.* at 129, 102 S.Ct. at 1572.

In the most recent Supreme Court opinion, *Reed v. Ross*, —— U.S. ——, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), the Court again applied the *Wainwright* "cause and prejudice" standard to a prisoner's petition for a federal writ of habeas corpus.[3] In *Reed*, the prisoner did not make an exception to his murder trial jury instructions placing the burden of showing lack of malice upon him. Neither did the prisoner challenge the correctness of that jury instruction in his direct appeal. North Carolina Rule of Appellate Procedure 10 required that exceptions to jury instructions be made after trial if they are to be preserved for appellate review. In addition, North Carolina law provided that a motion for postconviction relief might be denied if "upon a previous appeal, the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so." N.C.Gen.Stat. § 15-217. *See Cole v. Stevenson*, 620 F.2d 1055, 1057–59 (4th Cir.), *cert. denied*, 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980). The Court did not discuss the precise procedural default or why the "cause and prejudice" standard was being applied, but it considered the procedural default to be the defendant's failure to raise the jury instruction issue on his appeal. *Reed*, 104 S.Ct. at 2907. The Court's opinion did not suggest that the "deliberate by-pass" rule of *Fay* was applicable.[4]

---

**3.** The *Reed* Court held that the habeas petitioner could make a sufficient showing of "cause and prejudice" for his failure to raise a constitutional ground because the key Supreme Court ruling took place after his direct state appeal.

**4.** The language of *Reed v. Ross* is instructive:
When a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief absent a showing of "cause and actual prejudice." *Engle v. Isaac, supra* [456 U.S.] at 129, 102 S.Ct. 1558 [at 1572], 71 L.Ed.2d 783; *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). See *id.*, at 91–94, 97 S.Ct. 2497 [at 2508–10], 53 L.Ed.2d 594 (Burger, C.J., concurring); *id.*, at 94–95, 97 S.Ct. 2497 [at 2510–11], 53 L.Ed.2d 594 (Stevens, J., concurring). *Cf. id.*, at 98–99, 97 S.Ct. 2497 [at 2512–13], 53 L.Ed.2d 594 (White, J., concurring in judgment).[7]

---

[7] *See, e.g., Crick v. Smith*, 650 F.2d 860, 867–868 (C.A.6 1981); *Graham v. Mabry*, 645 F.2d 603, 606–607 (C.A.8 1981); *Boyer v. Patton*, 579 F.2d 284, 286 (C.A.3 1978). *See also* Comment, *Federal Habeas Corpus Review of Unintentionally Defaulted Constitutional Claims*, 130 U.Pa.L.Rev. 981, 988–989 (1982).
The situation of a defendant representing himself, *see Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), is not presented in this case and we express no view on the applicability of the cause-and-prejudice requirement in that context.
104 S.Ct. at 2908.

The district court did not have the benefit of more recent cases herein cited which have applied the "cause and prejudice" standard beyond the trial setting. Implicit in the district court holding is the concept that all defaults based on the failure to make a required contemporaneous objection are not subject to the rule in *Wainwright*. As we have earlier observed, however, *Reed v. Ross* applied the "cause and prejudice" standard to the defendant's failure to raise an issue on his direct appeal. Also, the current sentiment of the Supreme Court is clearly to give greater deference to state court judgments, and thus to limit the number of habeas claims which reach the federal courts. *See, e.g.,* the broad holding in *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982).

In addition, in *Payne v. Rees,* 738 F.2d 118 (6th Cir.1984), we held that the "cause and prejudice" standard applied to the failure to raise an issue in petitioner's direct appeal from his convictions. In *Payne,* petitioner's state trial counsel failed to include among the grounds for his direct appeal the specific ground, constitutionally impermissible identification, later relied upon as his basis for federal habeas relief. Citing our court's prior decision in *Crick v. Smith,* 650 F.2d 860 (6th Cir.1981), *cert. denied,* 455 U.S. 922, 102 S.Ct. 1281, 71 L.Ed.2d 464 (1982), the district court concluded that *Crick* "should probably be followed as ... most applicable to the case at bar," and hence applied the "deliberate bypass" rule of *Fay* and on that basis

reached the substantive issue. On appeal, this court in *Payne* noted that *Crick* was actually decided by our court on the basis of harmless error. We relied therefore upon *Engle v. Isaac* and *Hockenbury v. Sowders,* 620 F.2d 111 (6th Cir.1980), *cert. denied,* 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981), both of which had applied the *Wainwright* rule.[5] *See Payne v. Rees,* 738 F.2d at 124–25.

## CONCLUSION

■ Leroy raised four grounds for relief in his second petition for habeas corpus relief. Leroy failed to raise his double jeopardy, *Allen* charge, and insufficient evidence claims in his direct appeal to the Ohio Court of Appeals. In *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983), the court stated. "The Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals. *State v. Phillips,* 27 Ohio St.2d 294, 272 N.E.2d 347, 352 (1971); *State v. Lynn,* [5 Ohio St.2d 106, 214 N.E.2d 226, 229 (1966).]" Hence, since Leroy did not raise the issues of double jeopardy, *Allen* charge, and insufficient evidence to the Ohio Court of Appeals, these three issues are not preserved for appeal to the Ohio Supreme Court and are procedurally barred from being heard. This is the same procedural default as in *Payne v. Rees,* 738 F.2d 118 (6th Cir.1984) and thus the "cause and prejudice" standard is appli-

---

5. Among the reasons cited by the Supreme Court for rejecting the "deliberate bypass" rule and requiring deference to states' contemporaneous objection requirements, in the absence of a showing of "cause" and "prejudice", are the following: (1) A contemporaneous objection requirement allows the record of the constitutional claim to be made when the recollections of the witnesses are freshest, rather than years later in a federal habeas [ ] corpus proceeding. (2) It allows the judge who observed the demeanor of the relevant witnesses to make the factual determinations necessary for deciding the federal constitutional question. (3) Contemporaneous objections give the trial court an opportunity to cure the claimed error, thereby

making a major contribution to the finality of criminal litigation. (4) Compliance with a contemporaneous objection rule may cause the prosecution to reassess its request for the admission of evidence when confronted with claims which would indicate the possibility of reversal by the state appellate courts or upon federal habeas corpus review. (5) The rule in *Fay v. Noia* could encourage "sandbagging" on the part of defense lawyers who wish to take their chances on the verdict of the initial jury, intending to raise their constitutional claims and obtain a new trial through federal habeas corpus proceedings if the initial verdict is unfavorable. *Hockenbury v. Sowders,* 620 F.2d at 112–13.

cable. Leroy has failed to meet this standard.

Finally, we address the third issue raised in Leroy's petition for habeas relief, the aiding and abetting issue. This issue was raised in Leroy's direct appeal to the Ohio Court of Appeals, but was not raised in Leroy's motion for leave to appeal to the Ohio Supreme Court. Since Leroy failed to appeal this issue to the Ohio Supreme Court, he is foreclosed from availing himself of Ohio's collateral attack remedies. *See Keener v. Ridenour,* 594 F.2d 581 (6th Cir.1979). There is no suggestion that state appellate counsel was incompetent or that there exists any justifiable cause for disturbing the application of the state procedural bar. Certainly petitioner has advanced none, and it is plain that the standard in such cases is "significantly higher" than that which obtains upon ordinary direct appeal, *United States v. Frady,* 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Further, although we do not conceive it necessary, since the two-part test of *Wainwright* is in the conjunctive, *Engle v. Isaac,* 456 U.S. at 134 n. 43, 102 S.Ct. at 1575 n. 43, it is apparent from the substance of Judge Speigel's opinion in the district court that the issues not included in the direct appeal were without any significance or merit. Therefore, the failure to include the issues would not realistically have resulted in any actual prejudice to the petitioner.

The judgment of the district court is therefore AFFIRMED.