774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Midgyette, Petitioner-Appellant,
v.
Ronald C. Marshall, Respondent-Appellee.
 No. 85-3080
 United States Court of Appeals, Sixth Circuit.
 9/3/85
 N.D.Ohio
 AFFIRMED
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and BERTELSMAN, District Judge*.
 
 
 2
 Petitioner appeals the dismissal of his pro se habeas corpus petition brought under 28 U.S.C. Sec. 2254. He has moved this Court for appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Petitioner and a co-defendant were convicted in Ohio of aggravated murder, aggravated robbery and aggravated burglary. His conviction was affirmed on direct appeal and the Ohio Supreme Court denied leave to appeal. Relief was also denied in petitioner's state post-conviction action. Liberally construed, the present petition alleged as grounds for relief the failure to grant separate trials, prosecutorial misconduct in misstating the law, the prosecutor's manipulation of certain blood trace evidence, insufficient indictment, ineffective counsel and admission of an involuntary confession. The district court denied the petition on the merits of the ineffective counsel and involuntary confession claims, and found that the remaining claims were barred from federal habeas review by Wainwright v. Sykes, 433 U.S. 72 (1977). We affirm.
 
 
 4
 Under Wainwright v. Sykes, supra, a federal court is precluded from reviewing constitutional issues that were barred from state review by a state procedural default unless the petitioner can demonstrate cause for the default and actual prejudice. See Reed v. Ross, ---- U.S. ----, 104 S.Ct. 2901 (1984); Engle v. Isaac, 456 U.S. 107 (1982). Failure to raise issues on direct appeal is a procedural default to which the Wainwright rule applies. Leroy v. Marshall, 757 F.2d 94 (6th Cir. 1985); Payne v. Rees, 738 F.2d 118 (6th Cir. 1984).
 
 
 5
 Petitioner's counsel on direct appeal raised the issues of involuntary confession and that separate trials should have been granted. In his pro se petition to the Ohio Supreme Court, petitioner raised only the involuntary confession issue. In the state post-conviction action, the Ohio appellate court found that the issues concerning prosecutorial misconduct and manipulation of evidence, and the sufficiency of the indictment were barred by petitioner's failure to raise them on direct appeal. The Ohio appellate court reached the merits of the ineffective counsel claims. In his petition for leave to appeal to the Ohio Supreme Court, petitioner raised the ineffective assistance of counsel in failing to assert certain defenses concerning petitioner's physical condition, the involuntary confession and the blood trace evidence. Petitioner's failure to raise the separate trials, prosecutorial misconduct and manipulation of evidence, and insufficient indictment issues in his direct appeal and appeal to the Ohio Supreme Court constituted a state procedural default precluding state review of these issues.
 
 
 6
 Petitioner claims as 'cause' for his failure to raise these issues in his state appeal that his counsel was ineffective. However, counsel's failure to raise every conceivable constitutional claim on appeal is not 'cause' sufficient to overcome the Wainwright bar. McBee v. Grant, 763 F.2d 811 (6th Cir. 1985); See Engle v. Isaac, supra. Petitioner's failure to demonstrate cause for his procedural default bars federal review of these claims.
 
 
 7
 Petitioner also argues that the district court incorrectly denied his petition on the merits of the involuntary confession and ineffective counsel issues. The district court relied on the state court's factual findings and held that petitioner's confession was voluntary. Federal courts in a habeas action must accord a presumption of correctness to state court factual findings unless one of the exceptions listed in section 2254(d) applies. Marshall v. Lonberger, 459 U.S. 422 (1983); Sumner v. Mata, 449 U.S. 539 (1981). In determining whether a confession was voluntary, a federal court applies federal law, but must accord the presumption of correctness to the state court's findings of historical fact. Aldridge v. Marshall, 765 F.2d 63 (6th Cir. 1985); Bailey v. Hamby, 744 F.2d 24 (6th Cir. 1984). The state court's factual findings concerning the voluntariness of petitioner's confession are supported by the record and are therefore accorded a presumption of correctness.
 
 
 8
 Under federal law, whether an accused has knowingly, intelligently and voluntarily waived his right to silence depends upon the facts and circumstances surrounding the case, including the background, experience and conduct of the accused. North Carolina v. Butler, 441 U.S. 369, 374-75 (1979). Accepting the state court's factual findings, petitioner's confession was voluntary considering the surrounding circumstances. Petitioner was given his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and indicated that he understood them and agreed to make a statement. Petitioner had a criminal record and therefore had prior experience with the police. Petitioner was questioned and had made two statements within two hours of his arrest and so was not subjected to lengthy interrogation. Petitioner claims that he requested counsel, the police refused to allow him to take his medicine, and he confessed so that he could leave the interrogation room because he was ill. The state court's finding that the confession was voluntary is tantamount to an express finding against the credibility of petitioner on these claims. See Marshall v. Lonberger, supra; Brofford v. Marshall, 751 F.2d 845 (6th Cir. 1985). There is no evidence of police coercion or use of force. Therefore, the district court correctly found that the confession was voluntary.
 
 
 9
 Petitioner also claims that his counsel was ineffective. To warrant setting aside a conviction for ineffective assistance of counsel, a habeas corpus petitioner must show that counsel's performance was deficient and that the deficient performance so prejudiced the defense as to deprive the petitioner of a fair trial. Strickland v. Washington, ---- U.S. ----, 104 S.Ct. 2052 (1984). Counsel is not ineffective merely because he chooses to pursue only one of the possible defenses, Meeks v. Bergen, 749 F.2d 322 (6th Cir. 1984), or fails to raise nonfrivolous issues pressed by the client. Bowen v. Foltz, 763 F.2d 191 (6th Cir. 1985). Petitioner has not demonstrated that his counsel was deficient or that the alleged deficiency prejudiced his defense.
 
 
 10
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation