782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRISTOPHER RAY GAHAGAN, Petitioner-Appellant
v.
J. N. HARRISON, WARDEN, Respondent-Appellee.
 84-5675
 United States Court of Appeals, Sixth Circuit.
 12/2/85
 
 Before: LIVELY, Chief Judge; MERRITT and CONTIE, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Christopher Ray Gahagan appeals pro se from a judgment of the District Court dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The sole issue on appeal is whether Appellant was denied effective assistance of counsel at trial. Because Appellant has failed to demonstrate that he was prejudiced by the alleged ineffective assistance we affirm the District Court.
 
 I.
 
 2
 On July 10, 1977, Appellant shot and killed one Roger D. Rorie while Appellant, Mr. Rorie and Mrs. Roselyn Perkins were watching television. At trial Mrs. Perkins testified that while she and Mr. Porie were watching television, Appellant entered her home without permission, drew and waved two loaded pistols and shot Mr. Rorie in the head. Other witnesses testified that Appellant told police he shot Mr. Rorie and that he was not drunk at the time. Gahagan claimed he was intoxicated and that the shooting occurred when he grabbed Mrs. Perkins' arm while she was in possession of one of the guns. He claims the gun accidentally discharged and struck Mr. Rorie.
 
 
 3
 Appellant was arrested and charged with first degree murder on July 11, 1977.
 
 
 4
 On December 1, 1977 Appellant was convicted of second degree murder by a Shelby County, Tennessee jury. He was sentenced to 45 years for murder and five years enhancement, for use of a firearm. At trial he was represented by John G. Montague ('Montague'); on appeal Walker Gwinn ('Gwinn') of the Shelby County Public Defender's office represented him. Appellant moved for a new trial which was overruled; the Court of Criminal Appeals of Tennessee affirmed the conviction but remanded for sentence modification. Final judgment entered on November 6, 1978.
 
 
 5
 On September 24, 1979 Appellant filed a pro se petition for post-conviction relief. On December 11, 1979 he moved to amend his petition to include an allegation of ineffective assistance of counsel. On December 14, 1979 Appellant was declared indigent and Gwinn was appointed to represent him. On March 21, 1980 an evidentiary hearing was held and the petition was denied. The court held that all issues except the claim of ineffective assistance were resolved on appeal of the conviction and that Appellant had 'excellent representation' at trial. An appeal was taken to the Court of Criminal Appeals of Tennessee which affirmed the judgment of the criminal court that there was no denial of effective assistance of counsel. On April 9, 1981 Gwinn filed a motion to withdraw as counsel which was granted on April 16, 1981.
 
 
 6
 On September 11, 1981 Appellant filed a petition for a writ of habeas corpus in federal district court. The district court, on July 2, 1982, referred the matter to a magistrate to determine whether, as the state claimed, Appellant had failed to exhaust state remedies. On December 28, 1982 the district court dismissed the entire petition on the recommendation of the magistrate for failure to exhaust state remedies.
 
 
 7
 On January 7, 1983 Appellant filed another petition for habeas relief, following a January 5 order allowing him to amend the previously dismissed petition. Various motions followed.
 
 
 8
 On April 6, 1983 the government answered and claimed that Appellant had deliberately bypassed state remedies. On February 2, 1984 the magistrate, Judge Aaron Brown, found that the ineffective assistance issue had been thoroughly litigated in state court and the petition should be dismissed. On March 12, 1984 Judge Gibbons entered an order dismissing the petition. Appellant filed a notice of appeal on March 19, 1984. On April 6, 1984 Judge Gibbons entered an order denying probable cause. This appeal followed.
 
 
 9
 Appellant argues that he was denied effective assistance of counsel based on the following acts and omissions:
 
 
 10
 1. Counsel failed to demand a preliminary hearing.
 
 
 11
 2. Counsel failed to adequately prepare and investigate.
 
 
 12
 3. Counsel failed to seek a continuance when material witnesses could not be located.
 
 
 13
 4. Counsel failed to file any motions.
 
 
 14
 5. Counsel failed to question a juror during voir dire who admitted to knowing the appellant.
 
 
 15
 6. Counsel failed to call all available witnesses.
 
 
 16
 7. Counsel failed to properly argue a Miranda defense and failed to preserve the issue for appeal.
 
 
 17
 8. Counsel failed to introduce evidence concerning credibility.
 
 
 18
 9. Counsel failed to protect appellant's right to a fair trial by not taking action to determine the extent of collusion between witnesses and between witnesses and the government.
 
 
 19
 10. Counsel conceded appellant's guilt.
 
 
 20
 11. Counsel failed to properly certify trial record as inaccurate and thereby denied appellant the opportunity for an effective appeal.
 
 
 21
 Most of Appellant's brief is devoted to explaining the facts surrounding his conviction and subsequent appeals. Unfortunately, he does little more than list the alleged failures of counsel and does not consider the legal standard applicable to ineffective assistance of counsel claims.
 
 
 22
 The government argues that the information elicited at the evidentiary hearing on the petition for post-conviction relief shows that Montague met the standards of competence required by the Supreme Court of Tennessee and this Court.
 
 II.
 
 23
 In Strickland v. Washington, 104 S.Ct. 2052 (1984), the U.S. Supreme Court stated that while 'reasonably effective assistance' is the standard by which counsel will be judged 'claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.' 104 S.Ct. at 2067. Thus, even if some of Appellant's claims suggest that Montague's representation was less than reasonably effective, he must, to prove a Sixth Amendment violation, show that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' 104 S.Ct. at 2068.
 
 
 24
 The government argues that counsel's actions were the result of strategic decisions and the 'exigencies of the situation.' This Court has held that tactical decisions, which may look poor in retrospect, do not amount to Sixth Amendment violations if they reflect reasonable competence. Pool v. Perini, 659 F.2d 730 (6th Cir. 1981). Additionally, the government correctly notes that the state court proceedings are entitled to a presumption of correctness. Marshall v. Lonberger, 103 S.Ct. 843 (1983). Although we have carefully reviewed the record and considered each of Appellant's claims, we only discuss his principal complaints here. These are: the waiver of the preliminary hearing; poor preparation; failure to question a juror during voir dire; and, concession of guilt.
 
 A. Preliminary Hearing
 
 25
 At the post-conviction hearing Montague testified that he had been permitted to read the arrest report which is all that would have been presented at the preliminary hearing. He also noted that the state cooperated fully.
 
 
 26
 The purpose of a preliminary hearing is to establish probable cause. Under the facts of this case it does not appear that Montague was unreasonable in believing that the state had probable cause to arrest and try the Appellant, and waiving the preliminary hearing.
 
 B. Poor Preparation
 
 27
 Montague testified at the post-conviction hearing that (1) he has 13 years experience as a trial lawyer, and experience in criminal cases; (2) he got in touch with all but one of the witnesses suggested by the Appellant; (3) he tried to get Appellant to go to a VA hospital for an examination in order to prepare a 'Vietnam Syndrome' defense and Appellant refused; (4) he discovered the prosecution's entire case; (5) he discussed the case on a number of occasions with his client. Appellant disputes some of these assertions. Nonetheless, even if Montague's description 'enhanced' his performance after trial, Appellant's claim still fails for lack of prejudice under Strickland. The case against Appellant was very strong and it is hard to see how more conversations with his attorney might have produced a different outcome.
 
 C. Failure to Question Juror
 
 28
 The voir dire examination is not part of the trial transcript and not part of our record. Appellant testified at the post-conviction hearing that one of the jurors (who later became the foreman) said he knew, or thought he knew, the Appellant. Montague testified that he recalls no such incident and that it is his policy to strike a juror who knows a client unless he thinks it might help his client. The state court obviously credited Montague's testimony. Again, Appellant has not shown that the presence of this juror in any way prejudiced him.
 
 D. Concession of Guilt
 
 29
 Appellant was tried for first degree murder and convicted of murder in the second degree. He alleges that Montague conceded his guilt during closing argument. What Montague said was:
 
 
 30
 I submit to you that taking the prosecution's case in its best light, the very best they can show is manslaughter. It does not even qualify for murder in the second degree.
 
 
 31
 You have got to take the facts as you heard them from the witness stand. If you discount the defense entirely--if we had closed after Mr. Russell had finished and we had started addressing you at that time--after Mr. Russell had testified--the prosecution still had not proved murder in the first degree; nor had they proved murder in the second degree.
 
 
 32
 The only thing they had proved before Mr. Gahagan testified was manslaughter. And that is all, ladies and gentlemen. And that is a fact.
 
 
 33
 (App. at 19-20.)
 
 
 34
 In Wiley v. Sowders, 647 F.2d 642 (6th Cir. 1981), we held that a lawyer's comments, which are the 'functional equivalent' of a guilty plea, may deprive a defendant of effective assistance. However, we do not believe Montague's comments, in the context of a closing argument, were a concession of guilt.
 
 III.
 
 35
 Strickland requires that one claiming ineffective assistance of counsel do more than list instances in which counsel provided less than reasonably good representation. Gahagan is required to demonstrate prejudice--i.e. that, but for the alleged ineffective assistance the trial result would be different. This he has failed to do. Gahagan was charged with first degree murder but, ultimately, convicted of second degree murder which suggests his representation was not entirely unhelpful.
 
 
 36
 Accordingly, the judgment of the District Court is hereby affirmed.
 
 
 37
 CONTIE, Circuit Judge, dissenting.
 
 
 38
 Petitioner's pro se brief on appeal recounts the following with respect to appeal of the denial of his petition for post-conviction relief.
 
 
 39
 The petitioner was still in Shelby County Jail, which had no law library, when the Court of Criminal Appeals heard the case and affirmed the findings of the lower court. The petitioner was still in that jail when the court allowed the court appointed attorney to withdraw from the case.
 
 
 40
 After the Court of Appeals issued their opinion the petitioner was moved back to Fort Pillow and placed in lockup.
 
 
 41
 During the time of the petitioners appeal he was housed in the Shelby County Jail, which had no law library, and only talked with appellate counsel one time on the telephone. When the appeal was denied and counsel moved the court for permission to withdraw counsel supposedly informed the petitioner of his intent, however, and this is is fact, the petitioner never received notice of counsel's intent and the court allowed counsel to withdraw from the case. The petitioner was in the county jail and in late April did receive a copy of the opinion of the court and a notice of Rule 11. With no law library to consult the petitioner had no way of knowing what Rule 11 was and the petitioner did not know that counsel had been allowed to withdraw from the case.
 
 
 42
 After returning to Fort Pillow and getting out of lockup the petitioner had no time left on his time limit to apply for permission to appeal to the State Supreme Court.
 
 
 43
 We have held that 'the failure of a defendant's state trial counsel to include a given constitutional issue among those issues raised in his direct appeal to the state's appellate courts evokes . . . the 'cause and prejudice' rule of Wainwright v. Sykes.' Leroy v. Marshall, 757 F.2d 94, 95 (6th Cir. 1985). I see no reason why this same rule should not apply to appeal of state post-conviction proceedings.
 
 
 44
 In Leroy, the petitioner challenged an aiding and abetting instruction in his direct appeal to the Ohio Court of Appeals, but failed to raise the issue in his appeal to the Ohio Supreme Court. We found that Leroy's failure to appeal the Ohio Court of Appeals' disposition of the issue barred consideration of the issue on a petition for writ of habeas corpus, absent a showing of 'cause and prejudice.' Id. at 100. We noted that 'in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forego the exercise of its habeas corpus power when there is a procedural default.' Id. at 97.
 
 
 45
 Accordingly, I would not reach the merits of Gahagan's petition, but would remand the case to the district court to consider whether Gahagan can demonstrate 'cause and prejudice' with respect to his failure to appeal his denial of post-conviction relief to the Tennessee Supreme Court.