791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD T. PECHA, Petitioner-Appellant
v.
ARNOLD R. JAGO, Respondent-Appellee.
 85-3446
 United States Court of Appeals, Sixth Circuit.
 4/8/86
 AFFIRMED
 S.D.Ohio
 ORDER
 
 1
 BEFORE: MARTIN and GUY, Circuit Judges; REED, District Judge.*
 
 
 2
 This Ohio prisoner appeals from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. Petitioner sought to attack his 1983 jury conviction of aggravated burglary for which he was sentenced to a term of seven to twenty-five years imprisonment. Petitioner claimed his conviction was illegal due to prosecutorial misconduct, a coercive Allen-type jury charge, ineffective assistance of counsel and insufficiency of the evidence.
 
 
 3
 Upon review of the district court record in light of the arguments presented by the parties in the briefs, this Court concludes that the district court properly dismissed petitioner's action for the reasons stated by it.
 
 
 4
 It was certainly not an abuse of the district court's discretion to dismiss petitioner's suit for being successive to the extent it asserted the identical claim of insufficiency of the evidence which had already been rejected on the merits by the district court. The 'ends of justice' would not have been served by entertaining the identical claim again. Woodward v. Hutchins, 464 U.S. 377 (1984) (per curiam); Sanders v. United States, 373 U.S. 1, 18 (1963).
 
 
 5
 Petitioner's claim of ineffective assistance of counsel was also procedurally barred from being heard. Petitioner failed to present his claim to the Ohio state courts and his failure to do so is not excused by an adequate showing of cause and actual prejudice in this case. See Leroy v. Marshall, 757 F.2d 94, 99-100 (6th Cir.), cert. denied, 106 S.Ct. 99 (1985); McBee v. Grant, 763 F.2d 811, 817 (6th Cir. 1985).
 
 
 6
 Petitioner premises his claim of ineffective assistance of counsel on counsel's failure to object to the trial court's Allen-type charge. Under all the circumstances, however, it cannot be said that the trial court's terse and simple remark of 'Please continue' was coercive and violative of petitioner's constitutional rights. See Williams v. Parke, 741 F.2d 847, 850 (6th Cir. 1984), cert. denied, 105 S.Ct. 1399 (1985).
 
 
 7
 Finally, it is clear that the petitioner's claims of prosecutorial misconduct were also properly rejected by the district court because the remarks, either individually or collectively, were not so egregious as to deny the petitioner fundamental fairness. Donnelly v. DeChristoforo, 416 U.S. 637 (1974); Martin v. Foltz, 773 F.2d 711, 716-17 (6th Cir. 1985); Angel v. Overberg, 682 F.2d 605 (6th Cir. 1982) (en banc). The prosecutor inquired of petitioner's prior arrests and convictions on cross-examination only after the petitioner's defense counsel first raised the topic of petitioner's prior arrests and convictions in his direct examination of the petitioner. Furthermore, it is clear that the prosecutor did not belabor this topic but only responded to the inquiry first made by the petitioner's counsel. Petitioner also claims that the prosecutor referred to him as an insane raving lunatic during closing argument. These statements, if in fact made, would not be prejudicial to the degree that habeas relief would be warranted since petitioner at trial offered an insanity defense. Such statements by the prosecutor, although arguably inappropriate, would actually be supportive of the defense of insanity.
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Scott Reed, U.S. District Judge for the Eastern District of Kentucky, sitting by designation