810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary F. JOHNSON, Petitioner-Appellant,
v.
Denise QUARLES, Respondent-Appellee.
 No. 85-1720.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1986.
 
 Before LIVELY, Chief Judge, and MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se petitioner appeals from a district court judgment dismissing her petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner sought to attack her 1982 jury conviction of second-degree murder for which she was sentenced to serve twelve to twenty years imprisonment. Petitioner argued that she was denied a fundamentally fair trial in violation of due process because the local Michigan police disposed of certain exculpatory evidence which was material to her defense. The Michigan Court of Appeals rejected the argument, and the Michigan Supreme Court denied petitioner's application for delayed appeal, holding that the application was received beyond the Court's two month deadline. After concluding that the petitioner had adequately exhausted her state court remedies, the district court ruled that the petitioner had failed to establish the cause and prejudice standard to excuse her failure to present her argument to the Michigan Supreme Court.
 
 
 2
 Upon review of the case, this Court concludes that the district court properly dismissed petitioner's action for the reasons stated by it. Since petitioner requested the Michigan Supreme Court to review her argument, although to no avail, she did give the court an opportunity to address the merits of her claim; she, therefore, adequately exhausted her state court remedies. See Elmore v. Foltz, 768 F.2d 773, 775 (6th Cir.1985). Having failed to present the issue to the Michigan Supreme Court, however, petitioner was required to show cause and prejudice to excuse the procedural default before a federal court could review the matter. See Leroy v. Marshall, 757 F.2d 94 (6th Cir.), cert. denied, 106 S.Ct. 99 (1985). We agree with the district court that petitioner clearly failed to establish prejudice to excuse her default.
 
 
 3
 In order to show that the police violated petitioner's due process rights by, in effect, destroying the evidence in question, the petitioner must show that: 1) the police acted in bad faith; 2) the evidence possessed significant exculpatory value which was apparent before the evidence was destroyed; and 3) the evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable available means. See California v. Trombetta, supra; United States v. Alderdyce, 787 F.2d 1365, 1370 (9th Cir.1986); Elmore v. Foltz, 768 F.2d at 777-78; United States v. Johnson, 767 F.2d 1259, 1272 (8th Cir.1985); Cody v. Solem, 755 F.2d 1323, 1331-32 (8th Cir.), cert. denied, 106 S.Ct. 104 (1985).
 
 
 4
 In hindsight, whatever exculpatory value which can be attributed to the evidence in question, it was neither significant nor apparent at the time the evidence was destroyed. The police also, therefore, did not act in bad faith by destroying the evidence. As the petitioner's own argument highlights, the pants and shoes were of some evidentiary value and, they were, therefore, either inculpatory or exculpatory in nature. The police, accordingly, took the risk in destroying the evidence that they could be hurting the prosecution's case as well as the petitioner's. In any case, the exculpatory nature was clearly not apparent to the police when they destroyed the evidence. The clothing was not blood-stained, but only wet from water. The victim was not drowned, but shot in the lower chest. Under the circumstances, there was simply no exculpatory value apparent to anyone. What value petitioner does attach to the evidence is likewise not truly significant. Both petitioner and her daughter testified that the petitioner was scared of the boyfriend; he was drunk and furious with the petitioner; he had physically abused the petitioner in the past and they had had an altercation on the night of the shooting. Using the evidence for impeachment would have gained the petitioner little ground. The boyfriend's anger was already apparent before he supposedly left the house. Disputing her daughter's testimony that the boyfriend had never left the house would not have significantly improved the petitioner's defense. This is especially true in light of the serious questions regarding the petitioner's own credibility. Witnesses testified for the prosecution that the petitioner had expressed a desire to kill her boyfriend and claim self-defense. She had even shown a newspaper article to a witness regarding a woman who had been acquitted of killing her husband on the basis of self-defense. In addition, it is odd that the petitioner threw only the boyfriend's two rifles into the lake and not also his shotgun which was found in his room by the police along with two boxes of shotgun shells. Under all the circumstances, we give the jury's determinations concerning credibility of all the witnesses "special deference" in this habeas corpus proceeding. See Patton v. Yount, 467 U.S. 1025 (1984); Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.