812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter WILLIAMS, Petitioner-Appellant,
v.
Ronald C. MARSHALL, Respondent-Appellee.
 No. 86-3301.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1987.
 
 Before ENGEL, KRUSPANSKY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The petitioner appeals pro se from the district court's order denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner was convicted by a Summit County jury in Akron, Ohio of rape, grand theft, and attempted felonious assault. He received a twelve to forty year sentence. He exhausted his state remedies.
 
 
 3
 The petitioner filed two petitions for post-conviction relief in the state courts. He did not appeal denial of the first petition. When he appealed from the denial of the second petition, the state appellate court held that his issues were barred by the res judicata affect of the denial of the first post-conviction petition.
 
 
 4
 The district court held that the petitioner's first five issues were barred from consideration because the state's procedural default rule prevented consideration of these issues absent a showing of cause and prejudice. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Leroy v. Marshall, 757 F.2d 94, 98 (6th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 99 (1985). We agree with this conclusion of the district court.
 
 
 5
 We also agree with the district court's disposition of the remaining issues in the case. The evidence was sufficient to support a finding of guilt on the rape charge under Jackson v. Virginia, 443 U.S. 307, 324 (1979). The prosecutor's misconduct was not so severe that it violated fundamental fairness. Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974). The exclusion from evidence of the police officer's statement was an evidentiary question not rising to an issue of constitutional dimensions. Bell v. Arn, 536 F.2d 123, 125 (6th Cir.1976). Finally, the petitioner's two issues attacking the elements of his grand theft conviction and his attempted felonious assault conviction are both without merit.
 
 
 6
 The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.