819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby Joe JEWELL, Petitioner-Appellant,
v.
Betty KASSULKE and Attorney General of Kentucky,
Respondents-Appellees.
 No. 87-5080.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1987.
 
 Before KENNEDY, JONES and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Petitioner seeks appointment of counsel on appeal from the district court's order which dismissed his petition for a writ of habeas corpus (28 U.S.C. Sec. 2254). Upon consideration of the record and petitioner's brief, this panel unanimously agrees that oral argument is unnecessary. Fed. R. App. P. 34(a).
 
 
 2
 On March 10, 1978, petitioner was sentenced to a 20 year term of imprisonment on a conviction of robbery and a 21 year term of imprisonment on a conviction of murder. The sentences were imposed pursuant to the convictions entered on guilty pleas and were to run consecutively. On September 30, 1986, petitioner filed this habeas action. He alleged four grounds for relief: (1) the Commonwealth breached a plea agreement whereby the sentences would run concurrently; (2) the double jeopardy clause was violated by the Commonwealth charging petitioner with murder and robbery in separate indictments; (3) he received ineffective assistance of counsel; and (4) trial court erred in denying petitioner an evidentiary hearing on his motion to vacate sentence pursuant to Ky. R. Crim. P. 11.42.
 
 
 3
 Upon review, we conclude that the judgment dismissing petitioner's suit should be affirmed because petitioner has failed to establish cause and prejudice to excuse his failure to present his claims to all the Kentucky state courts.
 
 
 4
 The first claim advanced by petitioner in his quest for habeas relief is the Commonwealth's alleged breach of the plea agreement wherein the Commonwealth allegedly promised that petitioner's sentences would run concurrently. This claim was advanced in petitioner's first motion to vacate pursuant to. Ky. R. Crim. P. 11.42 and was addressed by the state trial and appellate courts. Petitioner did not seek discretionary review in the Kentucky Supreme Court and he is now unable to do so. See Matthews v. Wingo, 474 F.2d 1266 (6th Cir.), cert. denied, 411 U.S. 985 (1973). Accordingly, petitioner must be held to have waived his right to challenge the convictions on this basis because he failed to present this issue to the Kentucky Supreme Court and to establish cause and prejudice to excuse such failure. Leroy v. Marshall, 757 F.2d 94 (6th Cir.), cert. denied, 106 S.Ct. 99 (1985).
 
 
 5
 Likewise, petitioner's double jeopardy claim is barred because he did not present this claim to any state court and he does not establish cause and prejudice to excuse the failure to do so. Leroy, 757 F.2d at 97.
 
 
 6
 With respect to petitioner's ineffective asssistance of of counsel claim, the state courts correctly concluded that because this issue could have been, but was not raised in petitioner's first Rule 11.42 motion, petitioner was precluded from raising the issue in a second petition. Petitioner has not established cause and prejudice to excuse this failure; he is therefore barred from presenting this issue as well. Leroy, 757 F.2d at 97.
 
 
 7
 Petitioner's fourth ground for habeas relief is premised upon the trial court's failure to hold an evidentiary hearing on his second Rule 11.42 motion. This claim does not state a constitutional deprivation within the meaning of 28 U.S.C. S 2254 so as to establish a ground for habeas relief.
 
 
 8
 Although the district court's dismissal of this habeas petition was for incorrect reasons, this court may properly affirm the dismissal for other reasons. See Russ' Kwik Car Wash v. Marathon Oil Co., 772 F.2d 214, 216 (6th Cir. 1985). Accordingly, petitioner's motion for counsel is denied and the district court's order dismissing the habeas petition is affirmed for the foregoing reasons. Rule 9(b)(5), Rules of the Sixth Circuit.