863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David JACKMAN, Petitioner-Appellant,
v.
Al PARKE, Warden Kentucky State Reformatory, Respondent-Appellee.
 No. 88-5183.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1988.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner requests the appointment of counsel in his appeal from the district court's judgment dismissing his petition for a writ of habeas corpus. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner, David Jackman, was convicted of first degree robbery, theft by unlawful taking over $100.00, second degree robbery and intimidating a witness. Additionally he was convicted of being a first degree persistent felony offender. He received enhanced sentences totaling sixty years plus life imprisonment to be served consecutively. The Kentucky Supreme Court affirmed the convictions but directed that the sentences would be served concurrently. Jackman v. Commonwealth, No. 80-248 (Ky. May 5, 1981).
 
 
 3
 After exhausting state court remedies, Jackman filed a petition for a writ of habeas corpus. The petition was denied by the district court; the denial was affirmed on appeal. Jackman v. Rees, No. 85-5523 (6th Cir. Sept. 9, 1986).
 
 
 4
 Jackman filed a second petition for a writ of habeas corpus which is the subject of this appeal. He claimed that his conviction as a persistent felony offender was invalid because no proof was presented at trial of his age at the time of a prior felony conviction.
 
 
 5
 The magistrate determined first that, although Jackman had not challenged the persistent felony offender conviction in his first petition, the issue was presented in his brief on appeal and was fully addressed by the court of appeals. The magistrate also found that the persistent felony offender conviction was validly supported by the unchallenged prior convictions. The magistrate recommended that the second petition should be dismissed. Upon de novo review in light of Jackman's objections, the district court adopted the magistrate's findings and recommendation. The second petition for writ of habeas corpus was dismissed.
 
 
 6
 On review we conclude that the district court did not abuse its discretion by dismissing the petition. See Leroy v. Marshall, 757 F.2d 94 (6th Cir.), cert. denied, 474 U.S. 831 (1985). Rule 9(b), Rules Governing Section 2254 Cases, provides that "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits...." Jackman's second petition was properly denied because the ground on which he bases his claim for relief had been previously fully considered. See Sanders v. United States, 373 U.S. 1, 9 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1174 (6th Cir.), cert. denied, 107 S.Ct. 2195 (1987). Moreover, Jackman failed to make a "colorable showing of factual innocence." See Kuhlman v. Wilson, 477 U.S. 436, 454-55 (1986).
 
 
 7
 Accordingly, the request for appointment of counsel is denied. The district court's judgment dismissing the petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.