14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Andrew B. ELY, Petitioner-Appellant,
v.
William DALLMAN, Warden, Respondent-Appellee.
 No. 93-3337.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 1
 Before: KEITH and NORRIS, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Andrew B. Ely, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellee has notified the court that he will not be filing a brief.
 
 
 3
 In 1987, a jury convicted Ely of attempted rape and kidnapping for which he received a minimum sentence of fifteen years of imprisonment. In his direct appeal to the Ohio Court of Appeals, Ely argued that the kidnapping charge and sentence should be reversed because the detention of the victim was incidental to the rape, and, therefore, only the single crime of rape was committed. The Ohio Court of Appeals affirmed the conviction. On appeal to the Ohio Supreme Court, Ely, now acting pro se, raised seven grounds for relief. Without comment, the Ohio Supreme Court denied Ely leave to appeal.
 
 
 4
 In 1985, Ely filed a state petition for habeas relief. The Hamilton County (Ohio) Common Pleas Court dismissed the petition and Ely did not appeal the dismissal. In 1990, Ely then filed a petition for a reduction of sentence and for post-conviction relief pursuant to Ohio Rev.Code Sec. 2953.21. The Hamilton County Common Pleas Court dismissed the petition and Ely did not file an appeal.
 
 
 5
 In 1991, Ely filed his petition for a federal writ of habeas corpus arguing that his conviction was based on evidence obtained pursuant to an unlawful arrest. The case was referred to a magistrate judge who recommended that the petition be dismissed. In his objections to the magistrate judge's report, Ely argued for the first time that the trial court violated his Sixth Amendment right to represent himself during trial. Upon de novo review, the district court dismissed the petition as meritless.
 
 
 6
 In his timely appeal, Ely appears to argue that the district court erroneously found that his arguments were procedurally barred from review. He requests oral argument.
 
 
 7
 Upon de novo review, we conclude that Ely received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 8
 Ely's arguments were not properly raised before the Ohio Supreme Court. See Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985). As a result, he is procedurally barred from returning to the Ohio courts to present his claims. See Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir.1979). Because of this bar, Ely must still show cause and prejudice to excuse his failure to raise his claims in the state courts before the federal courts can address the merits of his arguments. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991); Leroy, 757 F.2d at 99-100. Ely has not shown any cause and prejudice to excuse his failure to raise his claims in his direct appeal to the Ohio appellate courts and none otherwise appears from the record.
 
 
 9
 Accordingly, we hereby deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation