19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Howard T. PARGEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5850.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1994.
 
 Before: KENNEDY and GUY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Howard T. Pargen appeals pro se from a district court judgment denying a Motion to Vacate Sentence that he had filed under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Pargen pleaded guilty to possessing phendimetrazine and marijuana for intended distribution. He was sentenced to 84 months of imprisonment and three years of supervised release as a result of these convictions. His term of imprisonment was subsequently reduced to 72 months pursuant to the government's motion under Fed.R.Crim.P. 35(b). Pargen did not file a direct appeal. However, he did file a Sec. 2255 motion which was denied by the district court on May 17, 1992. That denial was affirmed by this court on October 15, 1992.
 
 
 3
 In his present motion, Pargen alleged that: 1) he was not able to challenge the constitutionality of prior convictions which were used to enhance his sentence; 2) he was denied effective assistance of counsel; 3) the government failed to recommend a downward departure despite his cooperation in other investigations; 4) the district court misapplied the sentencing guidelines by determining that he was a career offender; and 5) he should have received a two-level decrease for acceptance of responsibility at sentencing. On May 19, 1993, the district court adopted a magistrate judge's recommendation and denied the motion under Rule 9(b) of the Rules Governing Sec. 2255 Proceedings. It is from this judgment that Pargen now appeals. He has filed a motion to supplement the record with a proposed amendment to the sentencing guidelines.
 
 
 4
 A successive Sec. 2255 motion may be denied under Rule 9(b) if a prior determination has been made on the merits of the petitioner's claims or if the petitioner raises new grounds for relief but fails to show cause and prejudice that would excuse his failure to raise those grounds in a previous motion and the ends of justice would not be served by reaching the merits. See McCleskey v. Zant, 499 U.S. 467 (1991); Sanders v. United States, 373 U.S. 1, 15 (1963). A dismissal under either theory is reviewed for an abuse of discretion on appeal. Leroy v. Marshall, 757 F.2d 94, 97 (6th Cir.), cert. denied, 474 U.S. 831 (1985).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in the present case, and affirm the denial of Pargen's present Sec. 2255 motion for the reasons well-stated by the district court and magistrate judge. In reaching this conclusion, we note that the merits of Pargen's current claims were addressed in our prior decision which affirmed the dismissal of his first motion. In that case, we held that there had been no error in the district court's proceedings, that Pargen's counsel had not been ineffective and that Pargen's sentencing had been regular in all respects including the downward departure that he received for his cooperation. Pargen v. United States, No. 91-5732 (6th Cir. Oct. 15, 1992). Pargen has not shown that the ends of justice would be served by reviewing the merits of these claims a second time. See Kuhlmann v. Wilson, 477 U.S. 436, 455 (1986).
 
 
 6
 Accordingly, Pargen's motion to supplement is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.